# Smith *v.* Smith.

*Divorce—Payment of costs of previous suit—Review of discretion—Appeal.*

The payment of costs on former proceedings in divorce, which have been discontinued, is not essentially necessary to entitle suit, although it is so generally required that it should be disregarded in exceptional cases only.   It is a matter vested in the sound discretion of the court below, and a refusal to exercise this power is not a subject for review in an appellate court, unless it is manifestly abused.

*Provisional appearance when permitted.*                                    ;

A qualified appearance is of avail only when the writ or service is defective, and in the absence of such defeat such a provisional appearance becomes a general one.

*Divorce—Special appearance—Notice of proceedings due respondent.*

Where a wife had caused an appearance to be entered "for the purpose of making a motion to dismiss the action," and the court treated the appearance as a general one, the respondent was entitled to have been notified of the discharge of the rule taken at her instance, and of the hearing before the court, and of the taking of testimony.

*Divorce—Appellate court will consider testimony—Insufficient evidence of desertion.*

An applicant for divorce must establish with sufficient certainty each and every of the statutory ingredients as elements necessary to constitute desertion within the meaning of the act.

The court on appeal will always review the testimony and adjudge whether it sustained the complaint of the libellant.

A decree of divorce will be reversed where as a substitute for the statutory requirements the evidence consists of an ex parte affidavit of the libellant which discloses that the date of the desertion as stated in the libel was admittedly incorrect, and two other affidavits, which are indefinite as to when the parties separated, and which, under the most favorable interpretation cannot be construed to mean that there had been any desertion for and during two years.

Argued May 16, 1900.   Appeal, No. 178, April T., 1900, by respondent, in suit of William D. Smith against Flora Smith, from decree of C. P. Lawrence Co., Dec. T., 1899, No. 95, granting a divorce a vinculo matrimonii.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed. Opinion by ORLADY, J.

Action for divorce a vinculo matrimonii.   Before WALLACE, P. J.

It appears from the record that the first libel was filed and

subpœna issued on February 17, 1899. In March of the same year the appellant appeared and filed her answer to the libel, denying the alleged desertion and charging that appellee by cruel and barbarous treatment had endangered her life, etc. On the same day respondent presented a petition setting out that she was without property or means for her support, and making proper defense to the untrue charge against her contained in the libel, averring the ample financial ability of the appellee, and praying for an allowance for support and alimony pendente lite. Thereupon the court made an order directing notice of the application to be given to the appellee and fixed April 4, 1899, for the hearing thereon. At the hour named, the appellant being in court with her witnesses to prove the facts set out in her petition, counsel for the appellee moved the court for permission to withdraw and discontinue the action for divorce, upon which motion the court made the following order:

April 4, 1899, motion granted. No new proceedings to be started until costs on this proceeding are paid.

The second libel was filed and subpœna issued on November 14, 1899. In this libel the same act of desertion was charged as in the first. The costs of this old case were not paid until Saturday, December 2, 1899. On December 4, appellant caused an application to be made to the court by her counsel, who appeared for the purpose of the motion only, citing the proceedings and final order on the first libel, stating that the costs in the former case had not been paid until after the filing of the new libel, and moving the court to dismiss the new libel and to direct the appellee to pay, in addition to the costs, $25.00 to respondent for counsel fees. On the same day, the court granted a rule on the appellee to show cause why he should not in addition to the costs pay $25.00 to appellant for counsel fees to the time of filing the second libel. Returnable to January 2, 1900, at 10 A. M. Respondent did not file an answer to the second libel or enter a general appearance in the action. Appellee's counsel waived issue and service of this rule on December 6, and filed answer thereto on January 2, 1900, alleging "that if the costs had not been paid is no legal reason for the dismissing of the case at No. 95, December term, 1899." No hearing or argument was had upon this motion and rule, which was not made absolute or formally discharged. On

March 5, 1900, the court handed down a decree in the case on the second libel granting the divorce prayed for. This decree was rendered upon ex parte affidavits. Neither the respondent nor her attorney had any notice that the libel would not be discharged and that she should make defense thereto. Neither the respondent nor her attorney had notice that depositions or affidavits would be or had been taken in the case until the decree was rendered. Respondent appealed.

*Errors assigned* were (1) in pronouncing the sentence and decree of the court. (2) In not dismissing the libel filed November 14, 1899 as moved for by respondent on December 4, 1899, the return day of the subpœna. (3) In pronouncing the sentence and decree of March 5, 1900, without notice to the respondent that the case would be proceeded in notwithstanding the pendency of her motion and the rule issued thereon. (4) In entering a decree against appellant for costs.

*C. H. Akens*, for appellant.—The right of a respondent to a jury trial in a divorce proceeding will be protected on appeal. See Magill's Appeal, 59 Pa. 430.

The decree of March 5, 1900, should be reversed and the libellant ordered to pay the respondent a proper allowance for costs and expenses in this litigation : Powers's Appeal, 120 Pa. 320.

*Oscar L. Jackson*, with him *Frank A. Blackstone*, for appellee.—The only question is, was there sufficient evidence, if believed, to warrant a decree : Oxley v. Oxley, 191 Pa. 474.

The cause alleged was wilful and malicious desertion, and an examination of the testimony will show the material facts satisfactorily proven.

The court below found as facts that the desertion was wilful, malicious and for two years continued. Such findings either by a court or by a master will not be disturbed except for clear error : McMillen v. McMillen, 183 Pa. 91.

A temporary return after a desertion followed by a second abandonment is no condonation and the desertion is to be counted from the first withdrawal : Durant v. Durant, 1 Hagg. Ecc. 733 ; Croft v. Croft, 3 Hagg. Ecc. 310.

OPINION BY ORLADY, J., November 19, 1900:

On February 4, 1899, William D. Smith filed his libel in divorce, averring that his wife Flora " hath wilfully and maliciously deserted your libellant without any just or reasonable cause," etc.   The wife after having been served with a subpœna, appeared, and filed an answer in which she denied the alleged desertion and alleged that cruel and barbarous treatment on the part of the husband justified her withdrawal from his home ; that the libel was not made in sincerity and truth but for the mere purpose of being separated from her, and demanded that the case be tried by a jury upon an issue to be formed for that purpose.   At the same time she presented a petition praying for an allowance for the support and maintenance of herself and child during said action, and to employ counsel for her proper defense in the proceeding.   On the day fixed by the court for the hearing of the case, the libellant moved for leave to withdraw and discontinue the action.   On April 4, 1899, this motion was allowed and an order made that " no new proceeding be started until costs on this proceeding are paid."   Six months later the husband filed a second libel in which the same alleged desertion of September 17, 1897, was set out, and a second subpœna was awarded and served on the wife, although the costs in the former case had not been paid.   To this second libel she appeared " for the purpose of making a motion to dismiss the action," and filed an answer reciting the facts of record in the same court in the former case.   After a hearing, a rule was granted as to one of the prayers of the petition, the libellant contending that the order of April 4, was a final one, and that the remedy for collecting the unpaid costs was by attachment only ; which rule was never disposed of by the court although it challenged the right of the libellant to maintain his action. The second case was proceeded in without further notice to the wife and resulted in a decree of divorce to the husband. The only evidence, if such it may be called, was in three ex parte affidavits—of the libellant and two others.

The payment of the costs of the first proceeding was not essentially necessary to entitle the libellant to institute the second suit, although it is so generally required that it should be disregarded in exceptional cases only.   The practice of the courts in this respect is wholesome and beneficial, and often

operates as a penalty by which individuals are protected from being harassed by a multiplicity of actions : Flemming v. Insurance Co., 4 Pa. 475. It is the usual practice to so order, but it is a matter vesting in the sound discretion of the court below. A refusal to exercise this power is not a subject for review in an appellate court, unless it is manifestly abused : Withers v. Harris, 2 Pa. 435 ; Wadlinger on Costs, sec. 7. There is not sufficient evidence of abuse of discretion on this record to warrant a reversal of the decree for that reason alone. Although the wife appeared specially, it has been held many times that such a qualified appearance is of avail only when the writ or service is defective, and in the absence of such defect such a provisional appearance becomes a general one : Bolard v. Mason, 66 Pa. 138 ; Everett v. Niagara Insurance Co., 142 Pa. 322 ; 1 Pepper & Lewis's Digest of Decisions, 1158.

The authority for granting this divorce is founded on the act of March 13, 1815, 6 Sm. L. 286, sec. 1 : The charge being a wilful and malicious desertion and absence from the habitation of the other without reasonable cause for and during the term and space of two years. The applicant for a divorce on such a ground must establish with sufficient certainty, each and every of these ingredients, as elements necessary to constitute desertion within the meaning of the act. They must all co exist in proof, or no decree can be granted. Courts ought never to sever the marriage contract, but where the application is made in sincerity and truth, for the causes set forth and no other, and fully sustained by the testimony : Angier v. Angier, 63 Pa. 450. In Middleton v. Middleton, 187 Pa. 612, the duty of the court is clearly declared as follows : " The ability, learning and conscience of the court must be called into exercise before there can be a dissolution of this contract. While the witnesses may be examined, and their testimony reduced to writing by the examiner, the court must, before decree, be satisfied by its own knowledge of the testimony that the averments of the libel have been proved by full and competent evidence. This court has, ever since the passage of the act of 1815, held it to be incumbent on it, on appeal from a decree of divorce, except when there has been an issue and jury trial, to review the testimony, and adjudge whether it sustained the complaint of the libellant. It has not adopted, in such appeals, the rule generally

applicable to proceedings before a master or an auditor, that a finding of a fact will not be disturbed except for manifest error. These rules have been vigorously followed by this court in Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290, and in Hull v. Hull, 14 Pa. Superior Ct. 520.

The second section of the act of 1815 clearly contemplates that, in order to annul such an important contract, more shall be done than to determine it solely on such ex parte affidavits as are the basis of the decree of the court below. The act authorizes the court, if an issue is not framed, " to inquire and decide upon the case in the presence of the parties, or if either of them will not attend, then ex parte, by the examination of witnesses on interrogatories, exhibits or other legal proof had before or at the hearing." There can be no decree pro confesso upon a libel for divorce : Kilborn v. Field, 78 Pa. 194. As a substitute for this statutory requirement we have in this case the ex parte affidavit of the libellant, dated January 8, 1900, which discloses that the beginning of the desertion as stated in the libel was admittedly incorrect, and a new date, March, 1898, is specified as the time when the wife deserted him. The two other affidavits, dated January 5 and 10, 1900, are indefinite as to when the parties separated. The counsel for libellant prepared the affidavits, and administered the oaths to the affiants. Taken most favorably, they cannot be construed to mean that there had been any desertion " for and during the term and space of two years," inasmuch as these affidavits are all made three months before " the term and space of two years " would be complete. The court treated the appearance of the wife as a general one, therefore she should have been notified of the discharge of the rule taken at her instance, and of the hearing before the court, and of the taking of testimony in the cause. The decree is reversed and the libellant's bill is dismissed at his costs.