# Edgar *v.* Edgar, Appellant.

*Divorce—Master—Act of March* 10, 1899, *P. L.* 8—*Revision by court.*

The Act of March 10, 1899, P. L. 8, which provides for the appointment of a master in a divorce proceeding, " who shall take the testimony and return the same together with a report of the proceedings before him and his opinion of the case to the court," was not intended to substitute the opinion of the master for a trial by jury or full consideration of the evidence by the court which makes the final decree.

The opinion of the master is merely advisory to the court, which it may accept and act upon or disregard in whole or in part according to its judgment as to the weight of the evidence or his legal conclusions. It was not intended that the court should abdicate its duty to determine by its own judgment the controversy presented and devolve that duty upon one of its officers.

Where the appellate court is satisfied that the court below has given a careful scrutiny to the evidence and the master's findings of fact, conclusions of law, and discussion, it will not reverse a decree confirming the master's report.

*Divorce—Alimony—Amount.*

When it appears that the respondent, the husband, in a libel for divorce a mensa et thoro, has property of a fair value of $90,000, and an income found by the master and the court below to be about $4,000 per year, a decree awarding to the wife an allowance of $1,300 per year will not be reversed by the Superior Court.

Argued April 14, 1903.   Appeal, No. 82, April T., 1903, by defendant, from decree of C. P. No. 2, Allegheny Co., July T., 1900, No. 293, granting divorce a mensa et thoro in case of Lottie E. Edgar, by her next friend Christian S. Knaur, v. George S. Edgar. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Libel for divorce a mensa et thoro :

The case was referred to W. A. Blakeley, Esq., master.

The master in a lengthy report found in favor of the libellant and reported that defendant had property worth about $90,000. He also found that the defendant's income could be conservatively estimated at $4,000 per year.

Exceptions to the master's report were dismissed by the court, and a decree entered in favor of the libellant with an allowance for alimony of $1,300 per year.

220, (1903).] Assignment of Errors—Opinion of the Court.

*Error assigned* was the decree of the court.

*E. L. Kearns,* of *Smith & Kearns,* for appellant.—It has been held uniformly by this court and by the Supreme Court that the court of original jurisdiction in this class of cases cannot delegate to an examiner or a master its responsibility of fully considering and discussing in an opinion filed the facts and law involved: Howe v. Howe, 16 Pa. Superior Ct. 193 ; Middleton v. Middleton, 187 Pa. 612; Hull v. Hull, 14 Pa. Superior Ct. 520 ; Smith v. Smith, 15 Pa. Superior Ct. 366.

The alimony allowed was excessive : Breinig v. Breinig, 26 Pa. 161; Schireman v. Schireman, 7 Pa. C. C. Rep. 110; Toole v. Toole, 1 W. N. C. 96 ; Graves v. Cole. 19 Pa. 171.

*L. K. Porter,* with him *Richard B. Scanditt, Thomas M. Benner* and *C. F. McKenna,* for appellee.

OPINION BY ORLADY, J., May 22, 1903:

The Act of March 10, 1899, P. L. 8, which provides for the appointment of a master in a divorce proceeding, " who shall take the testimony and return the same together with a report of the proceedings before him and his opinion of the case to the court," was not intended to substitute the opinion of the master for a trial by jury or for full consideration of the evidence by the court which makes the final decree ; and the requirements preceding a decree as stated in Middleton v. Middleton, 187 Pa. 612, are not in anyway affected by the act of assembly mentioned. It has never been the intention of the legislature of this state nor of our courts to make divorces easy to be obtained. The opinion of the master is merely advisory to the court, which it may accept and act upon or disregard in whole or in part according to its own judgment as to the weight of the evidence or his legal conclusions. It was not intended that the court should abdicate its duty to determine by its own judgment the controversy presented and devolve that duty upon one of its officers. In the record before us the court in its opinion says : " After carefully reading the testimony in this case we are of opinion that the master's findings of fact are fully warranted by the testimony of the several witnesses and that his conclusions are in accordance with the

facts found. The report is full and complete in all respects and requires no discussion at our hands. We fully concur in the conclusions reached by the learned master and now dismiss the exceptions filed to his report." When we take into consideration that there are 600 printed pages of testimony which the master, in his report, collates and discusses in an exhaustive and painstaking manner, that the master's report covers thirty-six printed pages in appellant's paper-book, of which fifteen pages are devoted to findings of fact, twelve pages to conclusions of law and nine pages to comments on fact and law, we feel that the court below has done all that is required by the decisions, and that he has given a proper scrutiny from beginning to end, and a careful consideration of the evidence in order to ascertain whether it does in very truth establish the statutory grounds for a divorce, and that his learning, ability and conscience have been called into exercise before the final decree was made, as mentioned in Middleton v. Middleton, supra, Hull v. Hull, 14 Pa. Superior Ct. 520, Smith v. Smith, 15 Pa. Superior Ct. 366, and Howe v. Howe, 16 Pa. Superior Ct. 193. After a careful examination of all the testimony and of the master's report, we are satisfied with the result reached by the court below. The first three assignments of error are overruled. The fourth assignment of error, " The court erred in dismissing specifications third to twenty-second inclusive of the exceptions filed to the master's report," is not considered.

We are not disposed to modify the decree in regard to alimony. Under the facts as found the respondent has property of a fair value of $90,000, and the libellant is entitled to a reasonable legal allowance, based on the fair value of the husband's estate under reasonable business management, and not as he designedly seeks to impair its real value or income. The Act of February 26, 1817, 6 Smith's Laws, 405, furnishes a basis for the allowance of alimony, in providing that the court shall " allow her such alimony as her husband's circumstances will admit of, so as the same do not exceed the one-third part of the annual profit of income of his estate or of his occupation and labor." The order in such a case is always within the sound discretion of the court, and under the facts the amount as fixed in this case is reasonable. The decree is still within .the control of the court below in the first instance to increase

or diminish the sum upon sufficient cause shown : McClurg's Appeal, 66 Pa. 366. It would be a fruitless proceeding for the court to provide for the payment of alimony by a husband who was found to be of abundant means to pay the amount fixed and yet be powerless to enforce a compliance with its own decree and the Act of April 15, 1845, P. L. 455, furnishes the means for protecting those who have been adjudged entitled to support and maintenance by a husband and father and if the lien on the real estate of the respondent "is not sufficient for the full and permanent security for payment of said decree, it shall have power and authority, on satisfactory proof being made that the respondent is possessed of sufficient estate, to order, decree and require that security, such as shall be determined and approved by said court, shall be given for the due payment of the said alimony according to the terms of said decree, as may seem to the court sufficient to secure the payment of said alimony as the same may fall due."

The fifth, sixth and eighth assignments of error are overruled : the seventh was not pressed at argument.

The judgment is affirmed.