## Rippman v. Rippman.

*Divorce—Desertion—Separation—Consent—Flight to escape arrest—Time of desertion—Allegata and probata—Variance.*

1. A separation by mutual agreement of husband and wife is not converted into a wilful and malicious desertion by the subsequent flight of one of the parties from the jurisdiction to escape arrest.

2. Where the allegations of a libel in divorce relate to a desertion as having occurred Dec. 29, 1918, and the proofs relate to desertion "in the spring of 1920," the variance between *allegata* and *probata* is fatal to the success of the suit.

Divorce. C. P. Montgomery Co., Sept. T., 1921, No. 58.

*Elgin H. Lenhardt,* for libellant.

SWARTZ, P. J.—The libellant and his wife resided in Norristown with the parents of the libellant. The wife's conduct toward her mother-in-law was very bad. It culminated in a blow with the fist in the face of the mother-in-law.

A family consultation was held to devise plans to relieve the unhappy situation. The wife said she would go away from the home and the husband

promptly offered to rent for her use suitable rooms in Norristown and give her a weekly allowance for her support. He secured the rooms; the wife took possession, and the husband paid the rent and weekly maintenance. This separation continued from Dec. 29, 1918, until "sometime in the spring of 1920."

The husband made no efforts to provide a home away from his parents and made no offer to renew cohabitation with his wife. He was well satisfied to have the amicable separation undisturbed.

In the spring of 1920 the wife was charged with larceny of certain articles belonging to her neighbors. A warrant was issued for her arrest, but before she could be apprehended she escaped and went as far as California. She never returned to her husband or to Norristown.

The master finds that the separation on Dec. 29, 1918, was not a wilful and malicious desertion. His careful application of the law to the facts found by him leaves no room to question his conclusions. He finds, however, that her departure in the spring of 1920 to escape arrest, and her failure to return after the lapse of two years, constitutes a wilful and malicious desertion of her husband.

The evidence shows that the sole purpose in changing the existing relations between the husband and wife was to escape arrest. She was satisfied to enjoy the home and support provided by the husband. She failed to continue in the amicable relationship, not from any desire to widen the breach between herself and her husband, but to escape imprisonment. If the existing separation was not wilful and malicious, how could her theft and the consequent warrant of arrest arouse malice against her husband?

The intent to desert the husband is the important criterion in the complainant's case. Here the intent was to escape jail and not to desert the husband.

But if we are in error in holding that there was no wilful and malicious desertion of the husband by a separation to escape arrest and imprisonment, still the husband is confronted with another difficulty. He alleges in his libel that the wilful and malicious desertion began on Dec. 29, 1918, but his proofs, even if sufficient, show that the desertion did not begin before the spring of 1920. The *allegata* and *probata* as to the time of the desertion do not agree by about one year and four months. This is fatal to the application: Smith v. Smith, 15 Pa. Superior Ct. 366.

We passed upon this requirement of the libel in several reported cases. There must be a substantial agreement in the proofs and allegations as to the time of the desertion: Mann v. Mann, 32 Montg. Co. Law Repr. 165; Oxnam v. Oxnam, 36 Montg. Co. Law Repr. 56; Crabtree v. Crabtree, 37 Montg. Co. Law Repr. 145. Other courts have insisted upon this agreement as to the time of the desertion alleged in the libel and the actual time of desertion under the proofs as submitted: Cochran v. Cochran, 1 Westmoreland L. J. 38; Trotter v. Trotter, 47 Pitts. L. J. 109.

If we allowed an amendment as to the time of the desertion named in the libel, it would not help the libellant, if we are correct in holding that the departure to escape arrest and imprisonment does not constitute wilful and malicious desertion.

The evidence shows that the relations of the wife with men other than her husband indicate that she was guilty of adultery.

The husband did not press this charge against his wife, although made in the libel. He did not wish to bring disgrace upon others.

3 D. & C.

His purpose to save others from the consequence of their wrongdoing may be laudable, but it will not supply the defects in his proof of desertion on the part of the wife.

And now, Oct. 31, 1922, the report of the master is referred back to him to hear any testimony that the libellant may offer to support the charge of adultery against his wife. **From Montgomery Evans, Norristown, Pa.**