## Scheffey v. Scheffey.

*Divorce—Desertion—Allegata and probata—Time of desertion—Master—Malice—Absence of consent.*

1. Where a separation is not malicious in its inception, no inference of malice arises from its continuance. To convert such separation into a desertion by an after-developed purpose, there must be something tangible to mark a change of intention.

2. The failure of agreement between the *allegata* and *probata* as to the time of the desertion is fatal to the application for divorce on that ground.

3. The averment in the libel of the date of the desertion must be proved as alleged.

4. To establish sufficient ground for a decree in divorce on the ground of desertion, the proof must disclose the absence of the consent of the libellant to the separation.

Divorce for desertion. C. P. Montgomery Co., June T., 1923, No. 40.

*Harry I. Hiestand,* for libellant.

WILLIAMS, J., Dec. 24, 1923.—The petition or libel in divorce charged that on or about Oct. 1, 1918, the husband respondent wilfully and maliciously deserted the wife libellant and absented himself from her habitation without just or reasonable cause, and has continued said desertion hitherto.

The testimony of the libellant is to the substantial effect that the respondent, without assigning any reason for his conduct, left her on or about Oct. 1, 1918, a day or two before he was sent to the army, that, to witness his entrainment and departure for military service, she went to the railroad

4 D. & C.

station, where she held with him a conversation, in which, while he blamed her for his induction into the service, he said nothing to indicate an intention on his part permanently to separate himself from her, that, after his discharge from the army, in January of the following year, subsequent to telephonic request of her by him, she "permitted him to call" upon her, and that, at the interview thus graciously vouchsafed by her, he stated that he would never again live with her.

Other than as heretofore narrated, the testimony is silent as to the facts and circumstances attendant upon the leaving alleged to have taken place on or about Oct. 1st.

Thus, it would seem that if the respondent formed a wilful and malicious intention to desert the libellant, the formation of such intent did not antedate sometime in January, 1919.

Where the separation is not malicious in its inception, no inference of malice arises from its continuance. To convert such separation into a desertion by an after-developed purpose, there must be something tangible to mark a change of intention. If there be such tangible marker, then the period of desertion runs only from the time of the change of intention: Hinchcliff v. Hinchcliff, 20 Dist. R. 484 (1911), Holt, P. J.

The failure of agreement between the *allegata* and *probata* as to the time of the desertion is fatal to the application: Smith v. Smith, 15 Pa. Superior Ct. 366 (1900), Orlady, J., and Rippman v. Rippman, 38 Montg. Co. Law Repr. 312 (1922), Swartz, P. J.

There must be a substantial agreement in the proofs and allegations as to the time of the desertion: Mann v. Mann, 32 Montg. Co. Law Repr. 165 (1916), Miller, J.; Oxnam v. Oxnam, 36 Montg. Co. Law Repr. 56 (1920), Swartz, P. J., and Crabtree v. Crabtree, 37 Montg. Co. Law Repr. 145 (1921), Swartz, P. J.

A wilful and malicious desertion having been set forth in the libel as occurring on or about Oct. 1, 1918, the libellant is required to prove a desertion as of that date.

The averment in the libel of the date of the desertion must be proved as alleged: Ewing v. Ewing, 2 Phila. 371, Allison, J.; Tannenbaum v. Tannenbaum, 18 Dist. R. 271 (1909), Barratt, J., and Penndorf v. Penndorf, 25 Dist. R. 517 (1916).

If desertion at a specified time be alleged, the fact of desertion at the time set forth, and not at some other time, must be clearly proven: Llewellyn v. Llewellyn, 12 Luzerne Legal Reg. Reps. 331 (1905), Ferris, J., and Cochran v. Cochran, 1 Westmoreland L. J. 38, McConnell, J.

Where the libel alleges a desertion at one time and the evidence shows a desertion months afterwards, the divorce cannot be granted: Raff v. Raff, 25 W. N. C. 155 (1889), Biddle, J.; Trotter v. Trotter, 47 Pitts. L. J. 109 (1899), White, P. J., and Vasdahl v. Vasdahl, 70 Pitts. L. J. 229 (1921), Stone, J.

The master makes no specific finding of fact that the desertion as charged in the libel has been established by the evidence.

In every action of divorce referred to a master, he should, in addition to his other findings of fact, make a specific finding upon the ground of divorce as alleged in the libel: Moore v. Moore and Campbell v. Campbell, 11 Dist. R. 253 (1902), Wiltbank, J.; Matheson v. Matheson, 11 Dist. R. 289 (1902), Sulzberger, J.; Pomeroy v. Pomeroy, 11 Dist. R. 299 (1902), Pennypacker, P. J., and Dean v. Dean, 46 Pa. C. C. Reps. 598 (1918), Berger, J. This requirement is essential because a divorce may be granted only upon proof of

the specific act or acts alleged in the libel as ground thereof: Penndorf v. Penndorf, 25 Dist. R. 517; Dean v. Dean, 46 Pa. C. C. Reps. 598.

Nowhere in the record does it appear that the desertion charged was contrary to the wishes of the libellant and without her consent.

An application for divorce on the ground of desertion must establish with certainty each element necessary to constitute desertion. Unless all the essential ingredients co-exist in proof, no decree can be granted: Angier v. Angier, 63 Pa. 450 (1870), Thompson, C. J., and Smith v. Smith, 15 Pa. Superior Ct. 366.

To establish sufficient ground for a decree in divorce on the ground of desertion, the proof must disclose the absence of the consent of the libellant to the separation: Ferree v. Ferree, 19 Pa. C. C. Reps. 67 (1897), McConnell, J., and Dean v. Dean, 46 Pa. C. C. Reps. 598.

The master makes no specific finding of fact that the desertion was against the wish of the libellant.

The report of a master in divorce should be framed according to the rules for the preparation of reports of masters in chancery, and, hence, should contain a specific finding of the existence of every element necessary for the establishment of a case by the libellant: Moore v. Moore, 11 Dist. R. 253; Klair v. Klair, 26 Dauphin Co. Reps. 60 (1923), Wickersham, J., and Thornton v. Thornton, 10 Lehigh Co. L. J. 119 (1923), Reno, J.

Marriage being a sacred human relation, not to be dissolved without proof of imperious reason, a divorce should not be easily obtainable. To aid, without clear necessity, one party in the severance of the matrimonial tie may be wrong, not only to the other party, but to both parties, their children and the public: Richards v. Richards, 37 Pa. 225 (1860), Lowrie, C. J., and Edmond's Appeal, 57 Pa. 232 (1868), Strong, J. Only where the application is made for the cause set forth, and no other, and fully sustained by testimony, may a court cut the bond of marriage: Angier v. Angier, 63 Pa. 450. Marriage and the family relation lying at the bottom of social life, the deep interest society has in their continuance forces a court to be strict in divorce construction: Jones v. Jones, 66 Pa. 494 (1870), Agnew, J.

Before there can be a dissolution of the marriage contract, the ability, learning and conscience of the court must be called into exercise. It was never intended that the judicial function should, in any material degree, be relinquished by conducting the proceedings before a master in his office or that weighty judicial responsibility could be evaded by shifting it over to a member of the bar. While the witnesses may be examined and their testimony be reduced to writing by the master, the court itself, by its own knowledge of the testimony, before decree, must be satisfied that the averments of the libel have been fully and properly proven. It is not sufficient that they have been so proven to the satisfaction of the master by a witness, or witnesses, neither seen nor heard by the court. Therefore, of whatever drudgery by the appointment of a master the court may relieve itself, it cannot escape the burden of a careful consideration of the testimony made for the purpose of ascertaining if, in truth and fact, the ground for the divorce sought has wholly been established by the legal evidence: Middleton v. Middleton, 187 Pa. 612 (1898), Dean, J.; Howe v. Howe, 16 Pa. Superior Ct. 193 (1901), Orlady, J., and Edgar v. Edgar, 23 Pa. Superior Ct. 220 (1903), Orlady, J.

The findings of fact of a master in divorce do not have the same force and effect as those contained in the report of a referee in a civil case, much less the opinion of a judge in the trial of a case without a jury. So, while it is the duty of the court to give consideration to the opinion of the master, the

4 D. & C.

court, after examination of the evidence, must use its own judgment and in no sense is bound to follow the recommendation of the master. This is true even where the veracity of a witness is involved: Naylor v. Naylor, 59 Pa. Superior Ct. 547 (1915), Rice, P. J., and Smith v. Smith, 72 Pa. Superior Ct. 96 (1919), Orlady, P. J.

It is not necessary that there be taken a great volume of testimony, too often a reprehensible fault in divorce procedure, but the evidence reduced to writing, although brief, should be ample and explicit as to the vital facts constituting the basis of the charge contained in the libel: Kelly v. Kelly, 47 Pa. C. C. Reps. 226 (1918), McConnell, J.

In the instant case, we are not fully satisfied, from a careful consideration of all the evidence, that the respondent wilfully and maliciously deserted the libellant and absented himself from her habitation on or about Oct. 1, 1918, or that the separation which on that date occurred was in the absence of the consent of the libellant. Accordingly, although, in view of all the testimony, with reluctance, we are compelled to enter the order immediately hereinafter appearing.

And now, Dec. 24, 1924, the case is referred back to the master for the purpose of hearing additional testimony, if offered, and then making further report to the court. Leave is granted the libellant to move to amend the bill so that the *allegata* and *probata* will agree.

From Aaron S. Swartz, Jr., Norristown, Pa.