## Sillers v. Sillers

*S. L. Hagy*, for libellant.

*E. LeRoy Van Roden*, for respondent.

MACDADE, J., October 9, 1935.—This libellant instituted a suit in divorce a vinculo matrimonii, as of the above number and term, in our jurisdiction.

While the action was pending and after the master had prepared his report for filing in court the libellant, John S. Sillers, died on September 30, 1935.

Thereupon libellant's and respondent's counsel came into open court, suggesting the death of libellant and moved in writing to abate the suit with leave of the court.

A divorce suit once begun cannot be discontinued without leave of the court for cause shown: Murphy v. Murphy, 8 Phila. 357.

In civil cases, the plaintiff, on payment of costs, is generally permitted to discontinue, but in divorce proceedings the rule is different; a motion for leave must first be made and a rule to show cause granted. This is done so that no injury may be worked either upon the respondent or upon the community: Cserpnyak v. Cserpnyak, 67 Pitts. 678. See also, for procedure, Clark v. Clark, 14 Dist. R. 270.

In strict law a discontinuance is always by leave of court, but in practice leave to discontinue is assumed: Commonwealth, to use, v. Magee (No. 1), 224 Pa. 166.

And in ordinary cases it has been a long-established practice that a plaintiff may, on payment of costs, discontinue his action without formal leave. In divorce proceedings, however, the discontinuance must be by express leave of court, otherwise it may be stricken off: Schwindt v. Schwindt, 23 Dist. R. 506; Smith v. Smith, 15 Pa. Superior Ct. 366; Glass v. Glass, 29 Dist. R. 142; Clymer v. Clymer, 45 L. I. 379; Yusko v. Yusko, 28 Dist. R. 941; Jones v. Jones, 30 Dist. R. 808.

Upon the same parity of reasoning an "abatement" is synonymous with "discontinuance" and the same will be allowed with leave of the court and proper conditions imposed, such as payment of all costs, expenses and fees which the court is permitted in its discretion to decree after hearing, where in an action in divorce one of the parties has died, although property rights may be involved. Nor can an executor or administrator of the deceased party to such personal action be substituted, for an action in divorce is not within the purview of section 5 of the Fiduciaries Act of June 7, 1917, P. L. 447: Hammond v. Hammond, 9 D. & C. 228. See also, Stanhope v. Stanhope et al., 54 Law T. N. S. 906.

Where a decree nisi was obtained in libellant's favor and he died before the decree became absolute, substitution of an executor was not allowed. The action abates and final decree cannot be entered thereafter in the absence of an authorizing statute. There is none in Pennsylvania. The survivor's right to inherit is not affected: Seiler's Estate, 164 Cal. 181; Crandall's Estate, 196 N. Y. 127.

Therefore, in such a case as the instant one, the proper practice is for the surviving party at least to suggest of record death of the other and move the court to declare the action abated.

The primary object of an action in divorce is merely personal. By it the libellant seeks to change the status existing between himself and the respondent as husband and wife. It is true that the distribution of property of the parties to the action is affected by the divorce. This effect, however, is merely incidental to the decree of divorce. A divorce cannot be decreed between parties where one of them has ceased to live:

"It would be idle, after the death of a husband or wife, for the survivor to institute proceedings for a dissolution of the marriage, and it would be impossible for the personal representative of the one who had died to proceed against the survivor for a dissolution, for the marriage is already put an end to by the death. . . . I am of opinion that the present case does not come within the principle of revivor, for the only object of the suit being the dissolution of the marriage, there was no right which devolved on anyone when the husband was dead. . . . But the object of a divorce suit is not to obtain any alteration of rights of property by the decree, though the result may be to alter such rights." (Cotton, L. J.)

"I am of opinion that a man can no more be divorced after he is dead that he can be married or condemned to death. Marriage is a union for two lives, which can be dissolved either by death or by process of law; but after it has been dissolved in one of those ways you cannot dissolve it again: you cannot untie a knot which has been already untied." (Bowen, L. J.)

"It is physically and logically impossible for any decree to dissolve a tie which is already dissolved by nature, —by the act of God": (Fry, L. J.) Stanhope v. Stanhope et al., supra.

The question raised in this case is fully discussed in 1 R. C. L. 43, sec. 41, 9 R. C. L. 414, sec. 214, 9 R. C. L. 444, sec. 251, and many cases there cited which support the decisions heretofore mentioned.

Section 5 of the Fiduciaries Act of June 7, 1917, P. L. 447, provides that an executor or administrator of a de-

ceased party to a personal action may be substituted as plaintiff or as defendant and that no personal action shall abate by reason of the death of the plaintiff or defendant. It is also provided by the same section that executors or administrators shall have power to commence and prosecute all personal actions which the decedent, whom they represent, might have commenced and prosecuted, except actions for slander and for libel. To hold that this act applies to an action in divorce would be to hold that, not only could an executor or administrator of a deceased libellant prosecute to final judgment an action in divorce, but that the executor or administrator of any deceased married person might commence and prosecute such action. We decline to so hold, having concluded that the provisions of the act apply only to such personal actions as survive the death of the litigants, and that the right of action, though personal, in a divorce case, does not survive. Death has answered the prayer of libellant's petition, and, the court being without jurisdiction to grant a divorce, the action has abated.

### Order

And, now, October 9, 1935, upon motion of counsel for libellant to declare this suit abated, after hearing before and consideration by the court en banc, it is ordered and decreed that the said divorce action be and is hereby abated upon payment of costs, expenses and fees already incurred sec. reg. et sec. leg.

From William R. Toal, Media.