## Russell *v.* Philadelphia, Appellant.

*Costs—Stenographer's compensation—Testimony in divorce and charter cases—Act of May 1, 1907, P. L. 135.*

Under the Act of May 1, 1907, P. L. 135, a duly appointed stenographer of the court of common pleas is entitled to have his fees paid by the county in a divorce case or in a case involving an application for a charter, where the court in the exercise of its discretion has directed that the fees shall be paid by the county.

Argued Oct. 19, 1911. Appeal, No. 131, Oct. T., 1911, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1911, No. 3,726, for plaintiff on case stated in suit of James H. Russell v. City of Philadelphia. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Case stated to determine the liability of the county for fees of a court stenographer.

The case stated was as follows:

"And now, to wit, this twenty-first day of April, A. D. 1911, it is hereby agreed by and between the plaintiff and the said City Solicitor, that the following case be stated for the opinion of the Court in the nature of a special verdict.

"James H. Russell, the plaintiff, is a duly appointed stenographer and reporter on the Court of Common Pleas, No. 5, of the county of Philadelphia, and was appointed under the provisions of the Act of Assembly, approved May 1, 1907, P. L. 135. It is therein provided, inter alia, that every official stenographer shall be paid, in addition to his annual salary, 'fifteen cents for each one hundred words of every copy of the stenographic notes of trials and other matters in connection with the business of the court that are furnished to the court or filed of record. . . . Payment for such copies to be made by the county in which the case is pending, or for which the work is performed, upon the order of the presiding judge.'"

It is further provided by sec. 9, that:

"Any official stenographer, by the agreement of the parties to any suit, action or proceeding, or of their counsel, before any examiner, master in chancery, special master, referee, commissioner, auditor, or other like officer, appointed by any of the said courts, in any suit, action or proceeding therein pending, may take, under the direction of any such examiner, master in chancery, special master, referee, commissioner, auditor, or like officer, full stenographic notes of such proceedings, and in such cases shall furnish to such officer, upon his request, an accurate typewritten copy of such notes; which copy when approved in writing by such officer and filed in the office of the proper court wherein such suit is pending, or a copy of the copy so filed, duly certified by the clerk or prothonotary of the proper court, shall be admissible in evidence without the necessity of calling as a witness the stenographer who made the original stenographic report

to prove the same. The compensation for said services shall be such as may be agreed upon between the official stenographer and the parties or their counsel; and, in the absence of agreement, then the compensation shall be at the per diem rate of section six, and the transcript rate of section eight of this act, together with all traveling and hotel expenses of the official stenographer necessarily incurred in pursuance of such employment in such proceeding to be paid by the unsuccessful party as costs in the cause, or as the court may direct."

And it is also the duty of said plaintiff to take full stenographic notes of such other matters in connection with the business of the court as the judges of the respective courts from time to time may direct.

The plaintiff served as stenographer before the masters appointed in divorce cases and before a referee on application for charter, as directed by the judges of the court of common pleas, No. 5, of Philadelphia county, in cases set forth in exhibit "A," and furnished accurate type-written copies of his notes of testimony to said masters and referee, which copies were duly filed of record. In all the said suits in divorce there was an absence of agreement between the parties and their counsel as to the compensation that should be paid the official stenographer, and he has not received any compensation therefor. The court thereupon approved the plaintiff's bill for services in the said divorce and application for charter cases and directed that the same be paid by the county of Philadelphia at the rate of fifteen cents per 100 words, as provided for in sec. 8 of said act.

The total amount claimed to be due by the plaintiff for his services for the transcript so filed of record is $208.20. Payment of that amount has been refused by the defendant on the ground that there is no authority in the court to order the defendant to pay the same. Payment has also been refused by the defendant on the ground that no appropriation has been made by councils for the purpose.

If the court be of opinion that under the law the plaintiff can recover, judgment is to be entered for the plaintiff in the sum of $208.20; otherwise judgment to be entered for the defendant.

Each party to this suit reserves the right of appeal.

" EXHIBIT 'A'

" JAMES H. RUSSELL, Official Stenographer of the Court of Common Pleas, No. 5, for the County of Philadelphia.
" To the City of Philadelphia, Dr.

|  |  | Words. | Amount |
|---|---|---|---|
| Jan. 23, 1911. | Griener v. Griener, Sept. T., 1910, No. 80 | 7,200 | $10.80 |
| Jan. 24, 1911. | Johnson v. Johnson, Sept. T., 1910, No. 851 | 4,400 | 6.80 |
| Jan. 25, 1911. | Donnell v. Donnell, Mar. T., 1910, No. 137 | 11,800 | 17.70 |
| Jan. 26, 1911. | Lindsay v. Lindsay, June T., 1910, No. 2588 | 4,400 | 6.60 |
| Jan. 30, 1911. | Zeitlin v. Zeitlin, Dec. T., 1909, No. 2344 | 4,800 | 7.20 |
| Jan. 31, 1911. | Ford v. Ford, Sept. T., 1910, No. 874.... | 112,600 | 18.90 |
| Feb. 3, 1911. | Litteri v. Litteri, June T., 1910, No. 82.. | 5,200 | 7.80 |
| Feb. 6, 1911. | Molroney v. Molroney, Sept. T., 1910, No. 648........................... | 2,800 | 4.20 |
| Feb. 6, 1911. | Harland v. Harland, Dec. T., 1909, No. 118 | 3,600 | 5.40 |
| Feb. 7, 1911. | Brown v. Brown, Sept. T., 1910, No. 1023 | 4,200 | 6.30 |
| Feb. 8, 1911. | Palmer v. Palmer, June T., 1908, No. 2094 | 1,800 | 2.70 |
| Feb. 10, 1911. | Smith v. Smith, Sept. T., 1910, No. 16... | 7,400 | 11.10 |
| Feb. 11, 1911. | In the matter of the application of Dirigo Council No. 1026, Junior Order United American Mechanics for a charter, Sept. Term, 1910, No. 2933............... | 3,600 | 5.40 |
| Feb. 14, 1911. | Kenny v. Kenny, June T., 1910, No. 2342 | 8,800 | 13.20 |
| Feb. 16, 1911. | Emery v. Emery, Dec. T., 1910, No. 105.. | 2,800 | 4.20 |
| Feb. 18, 1911. | Pearce v. Pearce, June T., 1910, No. 88... | 6,600 | 9.90 |
| Feb. 20, 1911. | Taylor v. Taylor, Mar. T., 1910, No. 44.. | 6,600 | 9.90 |
| Feb. 21, 1911. | Leonard v. Leonard, June T., 1910, No. 330 | 1,600 | 2.40 |
| Feb. 25, 1911. | Potts v. Potts, Dec. T., 1910, No. 116.... | 8,200 | 12.30 |
| Feb. 28, 1911. | Launt v. Launt, Sept. T., 1910, No. 20... | 10,000 | 15.00 |
| Feb. 28, 1911. | Carson v. Carson, Dec. T., 1910, No. 115 | 4,200 | 6.30 |
| Mar. 1, 1911. | Bell v. Bell, June T., 1910, No. 35........ | 8,000 | 12.00 |
| Mar. 2, 1911. | Josephson v. Josephson, June T., 1910, No. 27............................. | 7,200 | 10.80 |
| Mar. 6, 1911. | Lewis v. Lewis, June T., 1910, No. 2267.. | 800 | 1.20 |
| Mar. 7, 1911. | Blackburn v. Blackburn, Dec. T., 1910, No. 1404.......................... | 6,200 | 9.30 |

138,800 $208.20

" And now, to wit, this twenty-first day of April, A. D.

626    RUSSELL *v.* PHILADELPHA, Appellant.

Statement of Facts—Opinion of the Court.    [48 Pa. Superior Ct.

1911, the foregoing being compensation for stenographic services for the aforesaid suits, actions or proceedings before examiners, masters, or other officers appointed by the Court of Common Pleas, No. 5, for the County of Philadelphia, it is directed that the same be paid by the County of Philadelphia.

" (Signed) RALSTON,

" *Judge.*"

*Error assigned* was in entering judgment for plaintiff on case stated.

*Andrew Wright Crawford,* assistant city solicitor, with him *James Alcorn,* city solicitor, for appellant, cited: Clift v. Philadelphia, 41 Pa. Superior Ct. 638; Briggs v. Erie County, 98 Pa. 570.

*John G. Johnson,* with him *Murdoch Kendrick,* for appellee, cited: Clift v. Philadelphia, 41 Pa. Superior Ct. 638.

OPINION BY BEAVER, J., March 1, 1912:

The plaintiff seeks to recover, under the terms of a case stated, for services as the official stenographer of the court of common pleas No. 5 for the county of Philadelphia, in taking testimony before masters in divorce and a referee in an application for a charter pending in said court. The claim is made under the provisions of the Act of May 1, 1907, P. L. 135, which relates to the appointment of stenographers, etc., by the several courts and prescribes their duties.

The third section of this act, after providing that the stenographers shall take full stenographic notes of proceedings before the courts, concludes by saying: "And it shall also be the duty of such stenographers to take full stenographic notes of such other matters, in connection with the business of the courts, as the judges of the respective courts, from time to time, may direct."

It is admitted in the case stated that the plaintiff is a

duly appointed stenographer and reporter of the court
of common pleas No. 5 of Philadelphia, and was ap-
pointed under the provisions of the Act of assembly, ap-
proved May 1, 1907, P. L. 135.  It is also admitted that
the claim made by him of $208.20 consists of the regular
compensation provided for by the sixth and eighth sec-
tions of the act referred to, but it is claimed by the de-
fendant that the claim arises under sec. 9 of said act, which
relates to cases in which, by the agreement of the parties
to any suit, action or proceeding, or of their counsel, be-
fore any examiner, master in chancery, special master,
referee, commissioner, auditor, or other like officer, ap-
pointed by any of the said courts, in any suit, action or
proceeding therein pending, the said stenographer "may
take, under the direction of any such examiner, master
in chancery, special master, referee, commissioner, auditor,
or other like officer, full stenographic notes of such pro-
ceedings," etc., in which it is also provided that "the
compensation for said services shall be such as may be
agreed upon between the official stenographer and the
parties or their counsel; and, in the absence of agreement,
then the compensation shall be at the per diem rate of
section six and prescribed rate of section eight of this
act, together with all traveling and hotel expenses of the
official stenographer necessarily incurred in pursuance of
such employment in such proceeding, to be paid by the
unsuccessful party as the costs in the cause, or as the court
may direct."

It is also agreed in the case stated that "In all the said
suits in divorce, there was an absence of agreement be-
tween the parties and their counsel as to the compensa-
tion that should be paid the official stenographer, and he
has not received any compensation therefor."

The court thereupon approved the plaintiff's bill for
services in the said divorce and application for charter
cases and directed that the same be paid by the county of
Philadelphia at the rate of fifteen cents per 100 words, as
provided for in sec. 8 of said act.

We held in Clift v. Phila., 41 Pa. Superior Ct. 638, that a general order of court, directing copies of the notes taken by the stenographer to be furnished to the plaintiff and defendant, in all private cases, is invalid, inasmuch as the court cannot divest itself of the discretion which it must exercise in each particular case, but we held, nevertheless, that it was within the discretion of the court to direct the stenographer to furnish copies to the plaintiff and defendant, or their respective counsel, in litigation between private parties, in which the public has no direct interest.

We are clearly of the opinion that the services rendered by the stenographer in the cases mentioned are of a public character and are embraced within the provisions of sec. 3 of the stenographers' act above referred to. Whether this be so or not, however, is not necessarily essential to maintaining the judgment entered in this case, for, under the provisions of sec. 9 upon which defendant relies, it is entirely within the discretion of the court to determine how the services of the stenographer are to be paid, whether by the unsuccessful party as costs in the case or as the court may direct. It often happens in divorce proceedings that the unsuccessful party may be unable to pay the costs, and, in such event, the court directs the successful party to pay them, or, as in the present case, within its discretion, directs the county to pay, as it clearly has a right to do, even in case the services are rendered by agreement between the parties, and the compensation has been agreed upon between them.

The duty of the courts of first instance and of the appellate courts in divorce cases makes it imperative that there should be a full, complete and carefully prepared record of the testimony. As we said in Edgar v. Edgar, 23 Pa. Superior Ct. 220: "When we take into consideration that there are 600 printed pages of testimony which the master, in his report, collates and discusses in an exhaustive and painstaking manner, that the master's report covers thirty-six printed pages in appellant's paper-

book, of which fifteen pages are devoted to findings of fact, twelve pages to conclusions of law, and nine pages to comments on fact and law, we feel that the court below has done all that is required by the decisions, and that he has given a proper scrutiny from beginning to end, and a careful consideration of the evidence in order to ascertain whether it does in very truth establish the statutory grounds for a divorce, and that his learning, ability. and conscience have been called into exercise before the final decree was made, as mentioned in Middleton v. Middleton, 187 Pa. 612; Hull v. Hull, 14 Pa. Superior Ct. 520; Smith v. Smith, 15 Pa. Superior Ct. 366, and Howe v. Howe, 16 Pa. Superior Ct. 193. After a careful examination of all the testimony and of the master's report, we are satisfied with the result reached by the court below."

The careful consideration of all the testimony by the court below and a like consideration by the appellate court, of course, must presuppose a complete record, and this, of course, must depend upon the services of the stenographer who takes the testimony and files it of record.

Whether the court disposes of the plaintiff's claim under the third section of the stenographers' act under the alternative discretion clearly given to it by the ninth section, upon which the defendant relies, we are unable to say, but in either event we think the decree of the court is correct, that the stenographer is entitled to his pay for services, as provided under the sixth and eighth sections, and that the court had authority to decree such a disposition of the claim, and that judgment was, therefore, properly entered for the plaintiff under the case stated.

Judgment affirmed.

PORTER, J., dissents.