## Russell v. Philadelphia, Appellant.

*Costs—Stenographer's compensation—Testimony in divorce and charter cases—Act of May 1, 1907, P. L. 135*

Under the Act of May 1, 1907, P. L. 135, a duly appointed stenographer of the Court of Common Pleas is entitled to have his fees paid by the county in a divorce case or in a case involving an application for a charter, where the court in the exercise of its discretion has directed that the fees shall be paid by the county.

Argued April 23, 1912. Appeal, No. 167, Jan. T., 1912, by defendant, from judgment of the Superior Court, No. 131, Oct. T., 1911, affirming judgment of C. P. No.

2, Phila. Co., March T., 1911, No. 3726, for plaintiff on case stated in suit of James H. Russell v. City of Philadelphia.    Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.    Affirmed.

Appeal from judgment of Superior Court.

The opinion of the Supreme Court states the case. See also Russell v. Philadelphia, 48 Pa. Superior Ct. 622.

*Error assigned* was judgment of the Superior Court.

*Glenn C. Mead,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellant.

*John G. Johnson,* with him *Murdoch Kendrick,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1912:
This was a case stated involving the fees of a court stenographer for services rendered under and by virtue of the Act of May 1, 1907, P. L. 135.    It was agreed, inter alia, that "The plaintiff served as stenographer before masters appointed in divorce cases and before a referee on application for a charter, as directed by the judges of the Court of Common Pleas, No. 5, of Philadelphia County, as set forth in exhibit A (the exhibit being attached and stating the details of the charges in a number of specified cases), and furnished accurate typewritten copies of his notes of testimony to the said masters and referee, which copies were duly filed of record.    In all the said suits ..... there was an absence of agreement between the parties or, their counsel as to the compensation that should be paid the official stenographer, and he has not received any compensation therefor.    The court thereupon approved the plaintiff's bill for services in the said .....

cases and directed that the same be paid by the county of Philadelphia at the rate of fifteen cents per hundred words, as provided for in Section 8 of said act." The defendant refused payment, questioning the authority of the Court of Common Pleas to incur the expense or order the payment. Judgment was given for the plaintiff and affirmed by the Superior Court.

The title of the act in question is broad and indicates an intention to deal with the appointment, employment and compensation of stenographers in all proceedings in the several courts; it reads: "Relating to the appointment of stenographers .... to report proceedings in the several courts of common pleas .... of this Commonwealth, as well as before commissioners, masters and special masters in chancery, referees, examiners, auditors, and other officers; prescribing their powers and duties; .... prescribing their compensation and allowances for expenses, when the same shall be paid by the county, .... and when by the parties to such proceedings." Section 6 provides the per diem compensation or salary to be paid court stenographers for, inter alia, "taking notes by the direction of any judge or judges of any of the courts aforesaid," and Section 8 that, "Every official stenographer shall be paid in addition to the compensation provided in Section 6 of this act, fifteen cents for each one hundred words of every copy of the stenographic notes of trials and of other matters in connection with the business of the court, that are furnished to the court or filed of record, .... ; payment for such copies to be made by the county in which the case is pending, or for which the work is performed, upon the order of the presiding judge." The services rendered by the plaintiff in this case are comprehended within the words "other matters in connection with the business of the court, that are furnished to the court or filed of record"; they were performed at the direction of the court and the copies were for the use of its officers; in each instance they

were filed of record with such officer's report, and the "presiding judge" of the court approved the plaintiff's charges and ordered payment thereof.   The correctness of notes of testimony upon which courts base their decisions in divorce and charter cases is a matter of vital public importance.   "The statute (Act of May 1, 1907, supra) has general reference to public judicial proceedings .... The public generally .... have an interest in the prompt, efficient and certain administration of justice.   ....It is, therefore, to the interest of all the people that every proper safeguard should be provided to guard against mistakes in the administration of justice": Clift v. Phila., 41 Pa. Superior Ct. 638, 642-643.   The act having conferred authority upon the Courts of Common Pleas to order payment for services of the character performed by the plaintiff, judgment in his favor was properly rendered below and sustained by the Superior Court.

The assignments were overruled and the judgment is affirmed.