## Stumpf v. Allied Equipment & Leasing Co.

*Albert Houck,* for plaintiff.
*Barron & Zimmerman,* for defendant.

ZIEGLER, *P. J.,* July 10, 1975—After jury verdict in favor of plaintiff, defendant filed a motion for new trial assigning four stereotyped reasons and three additional reasons which could be analyzed by minimal transcription of record. Thereby, defendant moved the court to direct transcription of

record and to allow defendant to file additional reasons after transcription. Accordingly, we directed transcription by decree of June 27, 1974, "at the expense of defendant." Defendant moved to modify decree of June 27, 1974, by excluding the requirement of payment prior to argument on former motion. Defendant, as reasons for modification, assigned:

1. The Act of June 3, 1971, P.L. 125 (No. 6), sec. 1, §509(a)(55), 12 P.S. §1198, under which the court entered said decree is unconstitutional in that no bases for the exercise of discretion are provided and the court is allowed to impose barriers to relief and appeal for any reason, whether good, bad, or none at all.

2. Defendant is prejudiced when the costs of transcription are imposed on him because, in the absence of standards sufficient to enable defendant to protect himself against arbitrary and discriminatory imposition of costs, this imposition of costs as a condition precedent is a denial of due process.

3. The purpose of a new trial is to allow the litigants re-examination of an issue without subjecting the parties to the expense of securing review proceedings. Requiring payment of transcription costs prior to hearing argument on the motion for new trial denies defendant this re-examination of the trial issues without the expense of appeal proceedings, which is the very purpose of allowing new trial requests, and deprives defendant of the right to seek a new trial on a purely financial basis.

The court having fixed time for argument by order of December 16, 1974, and defendant having failed to give notice to the Attorney General prior to time fixed for argument in accordance with

Pa.R.C.P. 235 that a question of constitutionality of an act of Assembly had been raised, we stayed the proceedings until January 22, 1975, by decree of December 27, 1974, pending the giving of such notice. Such notice having been given and the Attorney General having failed to respond, intervene or appear, we proceeded, after the continued time for argument, to decide the matter on briefs and oral argument presented at the time originally fixed for argument.

The act of Assembly, supra, to which defendant referred in his first reason, provides (sec. 12 P.S. §1198):

"The official stenographer shall transcribe the notes of the evidence taken upon the trial of any case, under the following circumstances and those only: (a.) When directed by the court so to do; or (b.) when an appeal has been taken; or (c.) when he shall be paid for a copy thereof by a person requesting him to transcribe it."

Plaintiff brought forth the Act of May 1, 1907, P.L. 135, sec. 8, as amended, 17 P.S. §1810, which provides:

"Every official stenographer shall be paid, in addition to the compensation provided in section six of this act, thirty cents for each one hundred words of every copy of the stenographic notes of trials and of other matters in connection with the business of the court, that are furnished to the court or filed of record, and ten cents for each one hundred words of every copy that is given to counsel or to parties, if ordered so that they may be typewritten at the same time with the filing copy; payment for such copies to be made by the county in which the case is pending, or for which the work is performed upon the order of the presiding judge."

Plaintiff contends that the Act of 1971 is constitutional because our Superior Court upheld the constitutionality of the Act of 1907 in Clift v. Philadelphia, 41 Pa. Superior Ct. 638 (1910), and the rule of Clift was approved by the Supreme Court, in Russell v. Philadelphia, 236 Pa. 560, 84 Atl. 1101 (1912), when it affirmed the Superior Court, 48 Pa. Superior Ct. 622 (1912), which had expressly followed Clift. To plaintiff's constitutional affirmance argument, defendant countered that, although the Act of 1907 was held constitutional by Clift, it was impliedly repealed by the Act of 1971, since (1) the two acts were irreconcilable in that the latter specifically limits transcription to three situations and (2) the later in date of final enactment of two irreconcilable statutes prevails by virtue of the Statutory Construction Act of December 6, 1972 (No. 290, 1 Pa. S. S. §1971).

We do not agree with (1) defendant's interpretation of the Acts of 1907 and 1971, (2) plaintiff's argument that constitutional resolution by Clift answers the issue before us, nor (3) either party's conception of issue before us. We interpret the Act of 1907 only as an imposition of liability, i.e., upon the county for copies of transcript, furnished to the court, filed of record or furnished to parties if payment is directed by presiding judge. We interpret the Act of 1971 as limitation upon transcription of notes of evidence, i.e.: "(a.) When directed by the court so to do; or (b.) when an appeal has been taken; or (c.) when he shall be paid for a copy thereof by a person requesting him to transcribe it." The constitutional resolution by Clift was that it is a valid exercise of legislative power to vest in presiding judges discretionary power to order expenditure of money raised by taxation for payment of copies of transcripts furnished to private civil litigants. That

issue was at the opposite end of the pendulum's arc from the issue in this case, i.e., *is a civil litigant entitled as a matter of due process or equal protection of law to transcript of trial record in order to assign additional reasons for new trial or to argue his motions therefor without making advance payment?*

Pennsylvania courts have placed upon litigants responsibility of prepayment for transcripts without mentioning the constitutional facet. In Shrum v. Penna. Electric Co., 440 Pa. 383, 269 A. 2d 502 (1970), the lower court had held that it was the duty of moving party, upon motion to take off a compulsory nonsuit and for a new trial, to obtain transcript and to pay for it. The Supreme Court affirmed, expressly agreeing with respect to the duty to obtain the transcript but without mentioning responsibility for paying for it. In Kosier et al. v. Kverages et al, 83 Dauph. 106 (1964), the court en banc upheld the chancellor's decision that the testimony would be transcribed only if paid for by the party requesting same. Except for Clift, no cases decided on State constitutional grounds were brought to our attention by counsel.

From the Federal view, neither counsel has furnished a comprehensive brief and we have not had adequate time for study. Without case analysis, we have garnered from Modern Federal Practice Digest what we believe to be the salient principles.

The Supreme Court of the United States "has recognized that if a full and fair trial on the merits is provided, the Due Process Clause of the Fourteenth Amendment does not require a State to provide appellate review.": Lindsey v. Normet, 405 U.S. 56, 92 S. Ct. 862 (1972). Refusal of a motion for new trial being subsequent to full trial and being an

essential condition precedent to appeal, we suggest that the Lindsey principle is applicable in this case. The United States Court of Appeals for the Sixth Circuit has held that failure to waive a $25 appellate court fee and to furnish a free transcript in a civil case arising from discharge as a city employe was not violative of due process nor equal protection of the law under the fourteenth amendment: Hill v. State of Michigan, 488 F. 2d 609 (1973). Although the Supreme Court had held in Boddie v. Connecticut, 401 U.S. 371, 91 S. Ct. 780 (1971), that compulsory advance payment of costs in divorce cases violated due process, it refused to extend the same principle on due process or on equal protection basis to payment of a filing fee in bankruptcy proceeding: United States v. Kras, 409 U.S. 434, 93 S. Ct. 631 (1973); or to payment of an appellate filing fee by indigents seeking to appeal an adverse welfare decision: Ortwein v. Schwab, 410 U.S. 656, 93 S. Ct. 1172 (1973). In Almarez v. Carpenter, 347 F. Supp. 597 (1972), the United States District Court for the District of Colorado, after Boddie, said (at p. 599):

"We cannot read Boddie to say that there is a constitutionally mandated right to a free reporter's transcript even in a divorce case, and we surely can't read it to hold that there is such a right in every civil case brought by an indigent."

There, the Almarezes had been allowed to file their lawsuit in forma pauperis. The court reasoned that there was no evidence to establish proof of claim that the Almarezes had been deprived of due process and equal protection where (1) errors claimed by them on motion for new trial were errors of law which would not require a full transcript to permit review, (2) any factual questions were suffi-

ciently clear in counsel's and the court's minds at time of new trial argument that a transcript was not needed, and (3) they failed to show that they could not obtain adequate appellate review under an alternative method of providing an appellate record permitted by Colorado appellate rules.

Defendant contends that the Act of 1971 is unconstitutional because it provides no basis for the exercise of discretion. Defendant relies upon Giaccio v. State of Pennsylvania, 382 U.S. 399, 86 S. Ct. 518 (1966), in support of its contention. There, the Supreme Court struck down, for the reason asserted by defendant, our Act of March 31, 1960, P.L. 427, sec. 62, 19 P.S. §1922, which allowed a jury acquitting a defendant of certain offenses to impose the costs upon or apportion the costs among or between the county, the prosecutor and/or defendant. The act went on to provide that, when a jury imposed costs on a defendant, the trial court should forthwith pass sentence to that effect and order him to be committed until the costs were paid unless he would give security to pay the same within ten days. The Supreme Court found the "Act invalid under the Due Process Clause because of vagueness and the absence of any standards sufficient to enable defendants to protect themselves against arbitrary and discriminatory imposition of costs" in order to avoid deprivation of liberty and property. Although we do not agree, as we said before, that the Act of 1971 vests the court with discretion to place cost of transcript on civil litigants, we shall assume arguendo that it does. Even though it does and even though it does not contain bases or standards for exercise of discretion, it does not resolve the issue here involved. There, was a criminal case. Here, is a civil case. There, the act

allowed a jury to exercise discretion without standards. Here, discretion was vested in the presiding judge. There, Giaccio faced imprisonment or payment. Here, defendant faced neither by our refusal to order transcription of the record without advance payment. True, he would have parted with property had he paid. If he could afford to pay, he would have suffered no constitutional wrong. If he could not afford to pay, he could have filed a petition to proceed in forma pauperis and requested a free transcript.[1] Since he did not avail himself of the latter option, there was no judicial determination that he was not entitled to a free transcript. There having been no such determination, it would be speculative[2] to say that the court would not have considered indigency of defendant upon motion for transcription and request for a free copy thereof.

We recognize that refusal of civil litigants to bear the cost of transcripts and the need therefore may result in inadequate review by trial courts upon post-verdict motions. Since the rules of all of our Pennsylvania appellate courts now provide that transcripts shall be sent up with the records, we further recognize that litigants who refuse to bear the cost of transcripts may accomplish indirectly what they could not accomplish directly. Since such indirection may result in more appeals to courts now overburdened, we suggest that post-

---

1. As the late Judge Atkins so ably traced in Madden v. City of York, 59 D. & C. 2d 367 (1972), the right of poor persons to comprehensive legal services in civil matters can be traced to Statute 11, Henry VII, which was reported by the Supreme Court of Pennsylvania, pursuant to authority of the legislature of Pennsylvania by statute of April 7, 1807, to be in force in the Commonwealth.

2. Ross v. Brown Title Corp., 356 F. Supp. 595 (1973).

verdict and appellate procedures in civil matters merit the same attention now being given in criminal matters in order to spare our groaning transcription machinery.

## ORDER

Now, July 10, 1975, the motion of defendant to modify the decree of June 27, 1974, is refused. Argument will be heard on the motion for new trial at 9:30 a.m. on Friday, August 15, 1975. Briefs of defendant and plaintiff shall be handed up on August 11 and 15, 1975, respectively.

## ORDER

Now, September 2, 1975, it appearing that argument on defendant's motion for a new trial was fixed for 9:30 a.m. on August 15, 1975, by order of July 10, 1975, that time for argument was continued to the same time on August 22, 1975, upon motion made for defendant in open court by David W. Molek, Esquire, of Barron & Zimmerman, at the appointed time, that, in advance of continued time for argument, letter was received from David W. Molek, Esquire, advising of defendant's instructions that he should proceed no further in the case, and that defendant did not hand up its brief nor file or cause to be filed transcript of record and that no other representative appeared for defendant at the appointed time nor contacted the court since then, therefore, the court concludes that defendant has abandoned his motion and overrules same.