## Thornton v. Thornton.

*Divorce—Master's report — Finding of facts—Recommitting report—Act of March 10, 1899.*

1. The Act of March 10, 1899, P. L. 8, requires the report of the master in divorce to be framed in the manner of reports of masters in chancery. It should contain specific findings of fact.

2. When the proper practice has not been followed, the report will be recommitted.

Divorce. Master's report. C. P. Lehigh Co., Jan. T., 1922, No. 152.

*Oliver W. Frey,* for libellant; *John D. Hoffman,* for respondent.

Reno, J., Sept. 18, 1922.—We regret that we are obliged to recommit this report to the master. Except for the defect which we shall point out, it is an able and exhaustive report, and evinces the learned master's conscientious effort to solve properly and justly a case bristling with difficulties in respect to the facts. But these very difficulties require us to return the report. There are no findings of those facts concerning which controversy exists. The fifth paragraph of the finding of facts, viz., "that because of indignities to the person of the libellant, the libellant was compelled to withdraw from the respondent's home and family, and that the respondent has been guilty of cruel and barbarous treatment, endangering the libellant's life," is a conclusion of law, or, at most, a conclusion compounded of law and facts. Beyond that there are no findings of the disputed and controverted facts, unless certain references to the testimony made by the learned master in that part of his report called the "discussion" might be taken as findings. In a pinch, we might so regard them, if they were there stated as findings, but even in the "discussion" the learned master does not so treat them. To illustrate: The

learned master says "the libellant asserts that she was seventeen years of age at the time of her marriage and that the respondent was ten years her senior." It is obvious that if this is intended as the finding of a fact, it lacks that positive, distinct and specific statement of the existence of a fact which is essential to a finding. At most, it is a finding of what libellant asserted or averred and not a finding that that which she asserted was the fact. If, therefore, that fact is to be considered as material upon which a conclusion of law is to be founded, the master should find as a fact, not what libellant asserted, but that "libellant was seventeen years old and respondent twenty-seven years old at the time of the marriage." A more glaring instance is provided by the statement in the "discussion" as follows: "The testimony shows that the respondent admitted his wrongdoing." It is exceedingly important to know whether or not the respondent confessed to his wrongful acts. It is, perhaps, the pivotal point of the case. The libellant asserts it; the respondent denies it. What is the fact? Did respondent admit the wrongdoing? A finding that "the testimony shows" is a finding of what some of the testimony discloses, but is not a finding, except possibly by inference, upon the weight of all the testimony, of the fact whether or not he admitted the wrongdoing. We may note also, in passing, that there is no finding, even by reference in the "discussion," of respondent's contention that for a long period of time after the alleged happening of certain acts of indignities, respondent remained in the same house with libellant. To the respondent this may possibly be an important factor in the decision of the case, and if the learned master, after considering the weight of the testimony with respect to that contention, is convinced that such was the fact, he should give respondent the benefit of such finding. It is needless to say that respondent is entitled to a finding of all facts which he has proved by the weight of the testimony to the satisfaction of the master, even though such findings do not affect the conclusion of law which the master finally formulates.

In short, the master will remember that he is a master and not a mere examiner. Masters are, since the Act of March 10, 1899, P. L. 8, expected to do something more than relieve the court of the drudgery of hearing and taking the testimony: Middleton v. Middleton, 187 Pa. 612. A master is now appointed to "take the testimony and return the proceedings, together with a report of the proceedings before him and his opinion of the case, to the court" (Act of March 10, 1899, P. L. 8), and this clause of the act has been construed to require the master to frame his report in the manner of masters in chancery: Moore v. Moore, 11 Dist. R. 253; Campbell v. Campbell, 11 Dist. R. 253; Pomeroy v. Pomeroy, 11 Dist. R. 299. While such findings have not the effect of a verdict of a jury nor of the finding of a chancellor (Edgar v. Edgar, 23 Pa. Superior Ct. 220; Naylor v. Naylor, 59 Pa. Superior Ct. 547), nevertheless, they cannot be dispensed with, and in a contested case it is particularly important that they be drawn carefully and exhaustively. Such findings must be made by some one in the court of original jurisdiction (Middleton v. Middleton, 187 Pa. 612; Howe v. Howe, 16 Pa. Superior Ct. 193), and it seems entirely reasonable that the master should assume this duty in the first instance. Certainly, unless we are fully advised of the facts upon which the master bases his opinion, we are not able to pass judgment upon his recommendation.

Now, Sept. 18, 1922, the report is referred to the master for findings of fact, which he may supply in a supplemental report; whereupon the case may again be ordered upon the argument list.

From James L. Schaadt, Allentown, Pa.